UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN B. DEMPSEY,
    Plaintiff,

C.A. No. 10-12212-GAO

v.

BRIAN GNANDT,
    Defendant.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons stated herein: (1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3) are <u>ALLOWED</u>; (2) Plaintiff's Motion for a Referral to the Attorney General (Docket No. 4) is <u>DENIED</u>; (3) Plaintiff's Motion for Free Service of Process by the U.S. Marshal (Docket No. 6) is <u>DENIED</u> without prejudice; (4) Plaintiff's Motion for Inquiry Obstruction of Justice Inquiry Regarding Mount Auburn Hospital President Janette Clough (Docket No. 7) is <u>DENIED</u>; (5) Within 35 days of the date of this Memorandum and Order, Plaintiff shall demonstrate good cause why this action should not be dismissed or he shall file a coherent Amended Complaint curing the pleading deficiencies; and (6) Plaintiff is <u>PROHIBITED</u> from filing any further requests for preliminary relief until after a responsive pleading is filed by the Defendant if this action is permitted to proceed further.

BACKGROUND

On December 17, 2010, Plaintiff John B. Dempsey ("Dempsey"), a resident of Somerville, Massachusetts, and a frequent filer in this Court, filed a self-prepared Complaint against Brian Gnandt ("Gnandt"), an Investigator/Compliance Officer for the Massachusetts Commission Against Discrimination ("MCAD"). Dempsey's Complaint is unorganized and virtually incoherent. In his Civil Cover Sheet, he indicates his cause of action is that the

Defendant aided and abetted a criminal street gang, in violation of the Americans With Disabilities Act, 42 U.S.C.A. 12101. From what can be gleaned from an attachment to the Complaint, the background of this case appears as follows. On March 16, 2009, Dempsey filed a complaint with MCAD alleging unlawful discrimination in employment on the basis of disability (neuro-fibroma/dystrophy) in violation of state law and the Americans with Disabilities Act. Dempsey alleged that he worked for Foodmaster since 2001, and beginning in 2005, he experienced harassment by his co-worker, Lupita Ervin, and his supervisor Danette Duffy, based on his disability. Specifically, he alleged that they taunted him because he moved slowly and referred to him as "mentally retarded." Dempsey reported this harassment to four of his supervisors and they responded by removing him from working in Ms. Ervin's department, however, this harassment continued for the next three months.

In October 2008, Dempsey overheard Paul Shagora, a produce clerk, tell Dante Quinn, of the Dairy Department, that he was going to stab Dempsey. Dempsey reported this to supervisors, but no disciplinary action was taken. Three weeks later, Mr. Shagora struck Dempsey's arm in the parking lot, and in response, Dempsey pushed him away. Dempsey later was suspended by Ms. Duffy, and he alleged this was done without investigation of the incident. On November 19, 2008, Dempsey resigned because management failed to prevent the harassment against him.

Defendant Gnandt was the Investigator/Compliance Officer in connection with Dempsey's MCAD complaint. Gnandt made a finding of lack of probable cause. Specifically, he found that Dempsey failed to sustain a claim for disparate treatment because he was denied a proper investigation under Foodmaster's policies, but the evidence revealed that Dempsey had

2

resigned on November 18, 2008 rather than attend an investigative meeting scheduled for November 20, 2008. Further, Dempsey's claim for constructive discharge was dismissed because he could not show that conditions were so intolerable that a reasonable person would have felt compelled to leave employment, or that he exhausted all available options before resigning.

Dempsey appealed the finding of lack of probable cause, and Gnandt's findings were affirmed by the Investigating Commissioner. In September 2008, the Equal Employment Opportunity Commission ("EEOC") rejected a claim by Dempsey based on allegations that a Foodmaster employee had been stalking him, and, *inter alia*, that he was a whistleblower against an attorney who may have been a realtor for this employee. The EEOC determined the experiences Dempsey described were not actionable under the Americans with Disabilities Act or under Title VII of the Civil Rights Act of 1964.

It also appears that Dempsey filed a petition for judicial review of the MCAD decision, but that action was dismissed.

Along with the Complaint, Dempsey filed two Motions for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3), and a Motion for Referral to State Attorney General (Docket No. 4). Thereafter, on December 30, 2010, Dempsey filed a Motion for Service by the U.S. Marshal (Docket No. 6, docketed as a Motion for Leave to Proceed *in forma pauperis*).

On January 3, 2011, Dempsey filed a pleading entitled "Motion for Inquiry Obstruction of Justice Inquiry Regarding Mount Auburn Hospital President Janette Clough with Memorandum of Law" (Docket No. 7).

On January 6, 2011, Dempsey filed a pleading entitled "Motion for Summary Judgment

3

'Criminal Street Gang' Declaration" (Docket No. 8).

DISCUSSION

A.  The Motions for Leave to Proceed *In Forma Pauperis*

Upon review of Dempsey's financial disclosures, the Court finds he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this action. Accordingly, his Motions for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3) are ALLOWED.

B.  Screening of the Complaint

Because Dempsey is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). For purposes of preliminary screening, the Court liberally construe Dempsey's Complaint because he is proceeding *pro se.* See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, Dempsey's Complaint is subject to dismissal for the reasons discussed below.

C.  Failure to State a Plausible Claim Under Fed. R. Civ. P. 8

Dempsey's Complaint utterly fails to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 10 of the Federal Rules of Civil Procedure provides

for the form of pleadings while Rule 8 governs the substance of the pleadings. The Complaint fails to comply with Rule 10(b) because it does not contain numbered paragraphs and is not comprised of paragraphs limited to a single set of circumstances. See Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Rule 8(a) requires a plaintiff to include in a complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense.'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Dempsey fails to set forth the relevant information (*i.e.*, the "what, when, where, and why") necessary to set forth cognizable claims against Gnandt. While he disagrees with the MCAD decision he provides no factual basis for any claim under the Americans With

5

Disabilities Act. His Complaint alleges that Gnandt aided and abetted a criminal street gang, but apart from this wholly conclusory and amorphous allegation, he sets forth no underlying factual support for this claim, nor can the Court discern any plausible federal claim has been presented. The Complaint is completely unintelligible.

Notwithstanding that Dempsey is proceeding *pro se* and lacks legal skills, he bears the burden to set forth claims in a manner that would permit Gnandt a meaningful opportunity to file a response. As the United States Supreme Court has recently stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant has harmed him [or her]. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" quoting Twombly, 550 U.S. at 555). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' [citing Maldonado v. Fontanes], 568 F.3d 263, 268 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).").

It is not for this Court to fashion Dempsey's Complaint. "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Terrance v. Cuyahoga County, 2005 WL 2491531 at *1 (N.D. Ohio 2005) citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with *pro se* complaints). Such an exercise by the Court would "'require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'"

6

Terrance, 2005 WL 2491531 at *1, quoting Beaudett, 775 F.2d at 1278. See also Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs,.... alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "[The] failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." Terrance, 2005 WL 2491531 at *1.

Without belaboring the point, the Court finds the Complaint, as pled, fails to state plausible claims against Gnandt, and it would be immensely unfair to require him to cull out or guess as to Dempsey's claims against him; indeed, it would be a Herculean task to do so.

Accordingly, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

D.  The Motion for Referral to State Attorney General

Dempsey's Motion for Referral to State Attorney General (Docket No. 4) is also unintelligible. From what can be gleaned, he alleges that Gnandt knew that a criminal street gang committed a felony, and, in connection with his discrimination case based on race and disability, aided and abetted the criminal street gang by fabricating a report that indicated that Dempsey was not disabled. He asserts that this finding contradicted medical evidence. He seeks to have this matter referred to the Massachusetts Attorney General's Office and the United States Attorney's Office for criminal prosecution.

The Motion is hereby DENIED as unfounded.

E.  The Motion for Service by the U.S. Marshal

In view of the above, Dempsey's Motion for an Order directing the United States

Marshal Service to effect service of process for him and to bear the costs of service is premature. Accordingly, his Motion for Service by the U.S. Marshal (Docket No. 6) is <u>DENIED</u> without prejudice. If this Court permits this action to proceed further and authorizes the issuance of summonses, an Order shall issue for service to be effected by the United States Marshal Service as directed by Dempsey, and to advance the costs of service. Dempsey need not file any further requests for this type of relief.

F.   <u>Plaintiff's Motion for Inquiry Obstruction of Justice Inquiry Regarding Mount Auburn Hospital President Janette Clough</u>

As with the other pleadings filed by Dempsey, his Motion for Inquiry Obstruction of Justice Inquiry Regarding Mount Auburn Hospital President Janette Clough (Docket No. 7) is incoherent. From what can be gleaned, it appears that in 2008, Dempsey filed a complaint with the Equal Employment Opportunities Commission ("EEOC"). During the pendancy of the case, Dempsey believed that he was being stalked by a criminal street gang. While it is not entirely clear, it appears that the matter is related to the belief by one Raymond Clough and others that Dempsey was involved in the murder of Chris Tracy, who was shot in 1981, allegedly by his friends behind the Charlestown High School, after an armed bank robbery in Somerville, Massachusetts. Dempsey has filed an employment discrimination claim against Mount Auburn Hospital, and the Court presumes that Dempsey seeks to know the relationship between its President, Janette Clough, with Raymond Clough.

This Court can discern no logical nexus between Dempsey's claims in this action with the claims against Gnandt. Moreover, any discovery requests should not be made to the Court; rather, Dempsey would be permitted an opportunity to take discovery from Gnandt should this action be permitted to proceed further. In short, Dempsey's request for discovery is premature

8

and does not comport with the rules concerning discovery.

Accordingly, Dempsey's Motion for Inquiry Obstruction of Justice Inquiry Regarding Mount Auburn Hospital President Janette Clough (Docket No. 7) is DENIED.

G.   The Motion for Summary Judgment 'Criminal Street Gang' Declaration

Dempsey's Motion for Summary Judgment is not coherent. From what can be discerned, he alleges that Dante Quinn and Danette Duffy "ran a sub-group" while employed at Foodmaster, and orchestrated a criminal street gang that a whole host of crimes. He alleges the street gang acted as reliable informants to police and thus were state actors. It is unclear what type of relief Dempsey seeks that is related to the instant action.

In any event, in light of the above, Dempsey's request for any type of relief is premature, and at this stage, unfounded. Accordingly, his Motion for Summary Judgment (Docket No. 8) is DENIED.

H.   Order to Show Cause or File an Amended Complaint

In light of the above, this action will be dismissed within thirty-five (35) days from the date of this Memorandum and Order unless Dempsey demonstrates good cause in writing why this action should not be dismissed, or unless he files an Amended Complaint curing the deficiencies noted herein. The Show Cause Response shall not reiterate the claims made in the original Complaint, but should address specifically the legal impediments discussed herein. The Show Cause Response shall be limited to five (5) double-spaced pages. In the alternative, Dempsey may file an Amended Complaint, provided it sets forth plausible claims upon which relief may be granted against Gnandt in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Amended Complaint must provide underlying facts to support legal

9

conclusions, and must be pled in a coherent fashion. Dempsey is advised that he will not be afforded opportunities *ad seriatim* to file an Amended Complaint that comports with Rules 8 and 10, and that his action is subject to dismissal should he fail to comply with the directives contained in this Memorandum and Order.

H. <u>Prohibition From Filing Requests for Relief Prior to Defendant's Responsive Pleading</u>

In the Court's view, Dempsey has filed motions seeking preliminary *ex parte* relief in this and other cases in this Court. At this stage, the Court considers that any request by Dempsey for summary judgment or for preliminary relief would be premature and not warranted on an *ex parte* basis. Accordingly, pursuant to the inherent authority of this Court to manage its cases, Dempsey is hereby <u>PROHIBITED</u> from filing any further requests for relief (in any form) until <u>after</u> the Defendant has filed a responsive pleading to this action, if this case is permitted to proceed further. The only pleadings Dempsey is permitted to file is a response to this Memorandum and Order and/or an Amended Complaint that complies with the directives contained herein. Any request for relief must comport with the Federal Rules of Civil Procedure, and this Court's Local Rules concerning motion practice. <u>See</u> Local Rule 7.1.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3) are <u>ALLOWED</u>;

2. Plaintiff's Motion for a Referral to the Attorney General (Docket No. 4) is <u>DENIED</u>;

3. Plaintiff's Motion for Free Service of Process by the U.S. Marshal (Docket No. 6) is <u>DENIED</u> without prejudice;

4. Plaintiff's Motion for Inquiry Obstruction of Justice Inquiry Regarding Mount Auburn Hospital President Janette Clough (Docket No. 7) is <u>DENIED</u>;

5.  Plaintiff's Motion for Summary Judgment (Docket No. 8) is <u>DENIED</u>;

6.  Within 35 days of the date of this Memorandum and Order, Plaintiff shall demonstrate good cause why this action should not be dismissed or he shall file a coherent Amended Complaint curing the pleading deficiencies; and

7.  Plaintiff is <u>PROHIBITED</u> from filing any further requests for preliminary relief until after a responsive pleading is filed by the Defendant if this action is permitted to proceed further.


SO ORDERED.

                                        <u>/s/ George A. O'Toole, Jr.</u>
                                        UNITED STATES DISTRICT JUDGE

DATED: January 13, 2011