UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN B. DEMPSEY,
         Plaintiff,

         v.

BRIAN GNANDT,
         Defendant.

C.A. No. 10-12212-GAO

MEMORANDUM AND ORDER

O'TOOLE, D.J.

On January 13, 2011, this Court issued a Memorandum and Order (Docket No. 9) addressing the legal impediments to Plaintiff Dempsey's ("Dempsey") Complaint and, *inter alia*, directing Dempsey to show good cause why this action should not be dismissed or to file an Amended Complaint curing the pleading deficiencies.

Thereafter, on January 19, 2011, Dempsey filed a pleading entitled "Motion for Immediate Suspension of Proceeding Enemy Alien Status" (Docket No. 10). Then, on January 21, 2011, Dempsey filed a Motion for Reconsideration (Docket No. 11), along with an Amended Complaint (Docket No. 12). On January 25, 2011, Dempsey filed a pleading entitled "Motion for 18 U.S.C.A. 521(A) Criminal Street Gang Be Declared Domestic Terrorist Group Title 18 U.S.C.A. 2331(5)(A) in Regards Late Graf of Myanmar (1979) Burned and Crippled Son 18 U.S.C.A. 1116(b)(1)" (Docket No. 13).

DISCUSSION

I.    The Motion for Immediate Suspension of Proceeding Enemy Alien Status

Dempsey's Motion for Immediate Suspension of Proceeding Enemy Alien Status (Docket No. 10) is virtually incoherent, and contains a number of inflammatory and anti-Semitic epithets directed against the Defendant Brian Gnandt (alleged to be "Jew Faggot Brian Gnandt"), the

Defendant's lawyers ("jew lawyers"), and this Court ("the jew court system"). Dempsey states:

> As a consequence of expected judicial malice and defamation of character jew lawyers of the court allowed to commit misrepresent "such as post dated anti-semitic' that jew lawyers have no prior evidence to date of COMPLAINT filed in such courts..." the jew court system has shown sufficient bias to invoke enemy alien status under Massachusetts General Laws chapter 260 section 8 ENEMY ALIEN

Id. at 1.[1]

It is unclear to the Court why Dempsey seeks such relief at this juncture. Further, although Dempsey alleges that the United States has an ongoing conflict with his native country (Myanmar), there is no basis in law or fact to find that this provision of Massachusetts law applies to the instant civil rights/employment action. Accordingly, to the extent that Dempsey seeks an "Immediate Suspension of the Proceeding" (presumed possibly to be a request for a Stay), for whatever reason, the motion is DENIED. To the extent that Dempsey's motion is considered to be a response to this Court's Memorandum and Order to show cause why this case should not be dismissed, the Court finds that the response is insufficient and does not address the issues outlined in the Memorandum and Order.

The Court has also considered whether Dempsey's Motion should be construed (based on his obvious dissatisfaction with the legal process), as an expression of his intent not to prosecute this matter at this time; however, in light of his later-filed Motion for Reconsideration (Docket No. 11) and his Amended Complaint (Docket No. 12), the Court will not construe Dempsey's

---

[1]Section 8 of Massachusetts General Laws Chapter 260 provides for a suspension of the limitations period for citizens of an enemy country. Specifically, the statute provides that if a person is unable to commence an action because he is a subject or citizen of a country at war with the United States, the time of the continuance of the war, after the cause of action has accrued, is excluded in determining the period limited for commencement of an action. Mass. Gen. Laws ch. 260, § 8.

motion as one for voluntarily dismissal.

Nevertheless, Dempsey's motion raises concerns regarding his improper litigation practices. Accordingly, Dempsey is <u>CAUTIONED</u> that the Court will not tolerate pleadings that contain inflammatory and derogatory remarks against the Court, any litigants, and/or their counsel. Continued filings of this ilk will be deemed to be abusive, malicious, or vexatious conduct, and could result in the imposition of sanctions against him, including an Order enjoining him from the filing of further pleadings or lawsuits absent prior permission of a judicial officer.

II. <u>The "Motion for 18 U.S.C.A. 521(A) Criminal Street Gang Be Declared Domestic Terrorist Group Title 18 U.S.C.A. 2331(5)(A) in Regards Late Graf of Myanmar (1979) Burned and Crippled Son 18 U.S.C.A. 1116(b)(1)"</u>

Dempsey's "Motion for 18 U.S.C.A. 521(A) Criminal Street Gang Be Declared Domestic Terrorist Group Title 18 U.S.C.A. 2331(5)(A) in Regards Late Graf of Myanmar (1979) Burned and Crippled Son 18 U.S.C.A. 1116(b)(1)" (Docket No. 13) is completely incoherent and provides no link to the claims raised against Defendant Gnandt. He seeks to have Dante Quinn and Danette Duffy declared as terrorists and members of a criminal street gang. The motion is hereby <u>DENIED</u> as wholly unfounded.

III. <u>The Motion for Reconsideration</u>

Dempsey's Motion for Reconsideration (Docket No. 11) is also unintelligible. Read broadly, Dempsey requests this Court permit summonses to issue and direct service of process by the United States Marshal Service. He again asserts that he was assaulted by a criminal street gang, and Defendant Brian Gnandt (an MCAD investigator) aided and abetted this gang (presumably because he did not find probable cause for Dempsey's complaint before MCAD).

3

In any event, for the reasons set forth below, the Court finds that this action must be dismissed at this time. Accordingly, Dempsey's Motion for Reconsideration (Docket No. 11) is DENIED.

IV.     The Amended Complaint Fails to Set Forth Plausible Claims

As noted above, this Court directed Dempsey to show cause why this action should not be dismissed, or to file an Amended Complaint curing the pleading deficiencies. See Memorandum and Order (Docket No. 9). Dempsey's Amended Complaint (Docket No. 12) fares no better than his original, and is virtually incoherent. From what can be gleaned, Dempsey asserts that Defendant Gnandt aided and abetting a criminal street gang, thus committing handicap assault and other crimes. The basis of this accusation is Dempsey's belief that Defendant Gnandt did not consider medical records showing that he was a handicapped individual with a right to reasonable accommodation (in his employment with Foodmaster). Dempsey claims that the failure to find him disabled aided and abetted harassment and stalking by the criminal street gang. Apart from these purely conclusory and amorphous allegations, the rest of Dempsey's Amended Complaint contains nonsensical ramblings and wild statements, that seemingly have no bearing on actions by the named Defendant. Dempsey sets forth a number of allegations of the crimes committed by the so-called criminal street gang, including, *inter alia*:

> c. Raymond Clough as evidence submitted "intelligence heard" contemplated harassment and misinformation practices" regarding former FBI Aide and Boston Police Detective Paul Hennessey's aide plaintiff in principal violation by Raymong [sic] Clough of VICTIM OF VIOLENT CRIME laws secured under Massachusetts General laws chapter 258B "late Chris Tracy's handicap cousin."
>
> d. Criminal Street Gang would also imply "plaintiff bombed Pearl Harbor" and "were NAZI's whom killed Juden people in WWII" due to little known plaintiff cousins are Josef Mengele and Heinrich Himmler and distant relative of Hirohito Family, this caused plaintiff to have "cardiac problems 'cardio-myopathy' due to

4

> every night harassment outside the boundaries and control of respectful FOODMASTER President John DeJesus (friend of my step-family) and DeJesus Management Group (management unable to deal with CRIMINAL STREET GANG as managers as issues were more DISTRICT ATTORNEY and POLICE related type investigative matters, US v. Zannino, USCA 1st Circuit 1990, citation 895 F2d 1 (plaintiff handicap child late friend pet-shop Charles Circle Debroah [sic] Smith, Com. v. Burden, Mass. App. Ct. 1983, citation 15 Mass App. Ct. 666)

Amended Complaint (Docket No. 12 at 3, ¶¶ c., d.).

Dempsey next references matters wholly unrelated to the Defendant. For instance, he states:

> i. Plaintiff's step-uncle John Rush, high paid Union member from Medford, Massachusetts, my onkel [sic] John Rush's father "first US Navy Pilot shot down in WWII Pacific by my distant cousins forces the Hirohito's (Park dedicated in Charlestown, Massachusetts)

Id. at 3, ¶ I.

Without reiterating all of the unintelligible statements by Dempsey, suffice it to say that the rest of the Amended Complaint is of this ilk. As relief, Dempsey seeks expungement of the Defendant's investigative report. He also seeks "[r]emoval of Foodmaster from defendant's COMPLAINT that PLAINTIFF was coerced t[o] to sign under presumptive CRIMINAL STREET GANG was being prosecuted and at minimal investigated." Id. at 5, ¶ 7.

This Court's prior Memorandum and Order (Docket No. 9) outlined the minimal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, and required Dempsey to file an Amended Complaint in accordance with that rule. Even under a broad reading of the Amended Complaint, however, Dempsey has failed to comply with this Court's directives to set forth plausible claims upon which relief may be granted, providing an underlying factual basis to support his allegations. Without belaboring the matter, the Court finds it would be grossly unfair to the Defendant to permit this action to proceed as pled. Moreover, the Court afforded

Dempsey an opportunity to cure his pleadings, and considers that Dempsey need not be given further opportunities to rectify the pleading deficiencies *ad seriatim*.

Accordingly, for the failure to comply with the directives contained in the Memorandum and Order (Docket No. 9) (requiring Dempsey to file an Amended Complaint that comports with the pleading requirements of Rule 8), and for the failure of Dempsey to set forth plausible claims upon which relief may be granted, it is hereby Ordered that this action is DISMISSED in its entirety.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Immediate Suspension of Proceeding Enemy Alien Status (Docket No. 10) is DENIED;

2. Plaintiff is CAUTIONED against the continued filing of abusive, malicious, or vexatious pleadings and advised that such filings may result in the imposition of sanctions;

3. Plaintiff's "Motion for 18 U.S.C.A. 521(A) Criminal Street Gang Be Declared Domestic Terrorist Group Title 18 U.S.C.A. 2331(5)(A) in Regards Late Graf of Myanmar (1979) Burned and Crippled Son 18 U.S.C.A. 1116(b)(1)" (Docket No. 13) is DENIED;

4. Plaintiff's Motion for Reconsideration (Docket No. 11) is DENIED; and

5. This action is DISMISSED in its entirety.

SO ORDERED.

/s/ George A. O'Toole, Jr.
UNITED STATES DISTRICT JUDGE

DATED: January 28, 2011